VEENSTRA & DE HAAN COAL COMPANY, a corporation of the
State of New Jersey, complainant-appellant,

*v.*

ANTHONY PEPPER and MARY PEPPER, his wife, defendants-
respondents.

[Submitted May 16th, 1939. Decided September 22d, 1939.]

Mr. *Peter Cohn,* for the complainant-appellant.

Messrs. *Winne & Banta (Mr. John A. Christie,* of counsel),
for the defendants-respondents.

The opinion of the court was delivered by

PORTER, J.

This appeal is from a decree advised by Vice-Chancellor
Kays dismissing a bill of complaint to set aside transfers of
real and personal property in fraud of creditors by Anthony
Pepper, defendant-respondent, to his wife, Mary Pepper,
defendant-respondent.

In 1932 Florence Piece Dyeing Company, hereinafter referred to as Florence Co., was incorporated to engage in the silk dying business. The defendants-respondents furnished one-quarter of the capital stock and later on, when the business was not prospering, furnished more capital by the purchase of additional shares of capital stock, as did other stockholders.

From June, 1933, until April, 1936, the complainant-appellant sold coal to Florence Co. on its credit. On April 30th, 1936, there was an unpaid balance due it of $2,300. It threatened suit unless a note of the Florence Co. with the personal endorsement of the president, Anthony Pepper, defendant-respondent, was given. A note dated April 30th, 1936, for $2,300 was given, so endorsed and renewed from time to time until October 30th, 1936, when a like note for the balance then due, $2,000, was given. Suit thereon was instituted and judgment entered against the endorser. Execution against the endorser, Anthony Pepper, defendant-respondent, was returned only partially satisfied.

It is not disputed that more than two years before the note transaction Pepper transferred to his wife property of substantial value without valuable consideration. He did not denude himself of all of his property. At the time of the note transaction he had a substantial equity in policies of life insurance.

At no time was Pepper personally indebted to complainant-appellant, nor does it appear that the latter extended the credit to the Florence Co. because of Pepper's responsibility. Proofs do not establish that he and his wife together owned the corporation nor even a controlling interest therein.

The question in the case was whether Pepper was guilty of fraud to his creditors in transferring his property to his wife under the circumstances. Pepper was not in debt to the Florence Co. nor is there any proof that he was to anyone else when the transfers were made.

He was called as a witness by the complainant-appellant and testified that he had endorsed the note to prevent a threatened suit against the Florence Co.; that he was not asked about his financial condition nor did he make any representa-

tion concerning it. His brother testified to being present and corroborated his testimony in that regard.

The only other testimony as to what occurred at that time is that of Mr. De Haan, who represented complainant-appellant in the transaction, and he says that Pepper told him that he was financially responsible.

The issue raised was a factual one. The vice-chancellor found the facts to be as testified by the Pepper brothers and that no fraud of creditors had been established.

With those conclusions we are in accord. There were at best but suspicious circumstances, but certainly, it seems to us, they were not sufficient under the proofs to warrant a finding of fraud nor could the inference of fraud be drawn. *Cf. Lippman* v. *Sample, 111 N. J. Eq. 448; Trust Company of Orange* v. *Garfinkel, 107 N. J. Eq. 20; Eastern Sash and Door Co.* v. *Meister, 99 N. J. Eq. 819; Federal Reserve Bank of Philadelphia* v. *Godfrey, 120 N. J. Eq. 203.*

The decree will be affirmed.

*For affirmance*—THE CHIEF-JUSTICE, PARKER, CASE, BODINE, DONGES, HEHER, PERSKIE, PORTER, HETFIELD, DEAR, WELLS, WOLFSKEIL, RAFFERTY, HAGUE, JJ. 14.

*For reversal*—None.